Russell S. Thompson, IV (029098)
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Kernes, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| Asset Acceptance, LLC, | ) |
| Fulton, Friedman & Gullace, LLP, and | ) |
| Midland Credit Management, Inc. | ) |
| | ) |
| Defendant. | ) |

**NATURE OF ACTION**

1.   This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

Complaint - 1

# PARTIES

4. Plaintiff Chrissy Kernes ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Goodyear.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Asset Acceptance, LLC ("Asset") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Asset is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Fulton, Friedman & Gullace, LLP ("Fulton") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Fulton is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant Midland Credit Management, Inc. ("Midland") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Midland is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

# FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

13. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

14. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

15. In connection with the collection of the Debt, Asset obtained a default judgment against Plaintiff on March 9, 2004.

16. A true and correct copy of the judgment is attached to this complaint as Exhibit A.

17. The judgment provides for "the principal sum of $2,489.97," "the accrued interest sum of $3,029.87," "interest on the *principal sum*" at 10% per annum, and costs of $93.00. *See* Exhibit A (emphasis added).

18. On December 31, 2013, Fulton, itself and on behalf of Asset, filed and served on Plaintiff a notice of renewal of judgment, representing that the total amount of the Debt to be $11,091.89 on that date.

19. On May 12, 2014, Midland, itself and on behalf of Asset, filed an Application for Writ of Garnishment for Monies or Property against Plaintiff.

20. A true and correct copy of the Application for Writ of Garnishment for Monies or Property ("Writ of Garnishment") is attached as Exhibit B.

21. In the Writ of Garnishment, Midland identified the balance of the Debt as $11,397.93. Exhibit B.

22. The notice of renewal of judgment and the Writ of Garnishment overstated

the balance of the Debt by approximately $3,250.10.

23. Upon information and belief, Defendants calculated the balance as accruing interest on the total amount of the judgment instead of just the principal sum.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

24. Plaintiff repeats and re-alleges each and every factual allegation above.

25. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendants violated 15 U.S.C. § 1692e(10) by using the false, deceptive, or misleading representations or means to collect or attempt to collect the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 30, 2014.

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

1
2
3
4
5
6
7

                    <u>s/ Joseph Panvini</u>
                    Joseph Panvini (028359)
                    Thompson Consumer Law Group, PLLC
                    5235 E. Southern Ave., D106-618
                    Mesa, AZ 85206
                    602-388-8875
                    866-317-2674 facsimile
                    jpanvini@consumerlawinfo.com
                    Attorneys for Plaintiff

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28